UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| AMERICAN ALTERNATIVE INSURANCE CORPORATION,<br><br>Petitioner,<br><br>v.<br><br>COUNCIL OF UNIT OWNERS OF 51 FRANKLIN CONDOMINIUM,<br><br>Respondent. | Case No.: |

**PETITION FOR ORDER APPOINTING UMPIRE**

Petitioner, American Alternative Insurance Corporation ("Petitioner" or "AAIC"), by undersigned counsel, and pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, the substantive law of Maryland, and Local Rule 105, petitions this Court to appoint a neutral umpire to appraise a dispute regarding the amount of loss with regard to a first-party claim based upon the terms and conditions of a commercial property policy of insurance, and states:

**THE PARTIES**

1. Petitioner, American Alternative Insurance Corporation ("Petitioner" or "AAIC"), was and is at all relevant times a Delaware Corporation engaged in the insurance business with its principal place of business in Princeton, New Jersey.

2. Respondent, Council of Unit Owners of 51 Franklin Condominium ("Respondent" or "51 Franklin") is an unincorporated entity comprised to the individual unit owners of a condominium property located at 51 Franklin Street, 101-103, 201-203, 301-303, Annapolis, MD 21401.

**JURISDICTION AND VENUE**

3. This is an action to enforce the terms of an appraisal provision contained within the policy of insurance issued by the Petitioner to the Respondent which is akin under Maryland law to an arbitration agreement under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq*. Section 5 of the FAA, 9 U.S.C. § 5, which provides that, "upon the application of either party to the controversy the court *shall* designate and appoint an… umpire" if either (1) "any party [to the agreement] shall fail to avail himself of such method," or (2) "for *any other reason* there shall be a lapse in the naming of an… umpire." 9. U.S.C.A. § 5 (West).

4. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interests and costs, and is between citizens of different states.

5. Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391 because property that is the subject of this matter is located in Annapolis, Maryland.

6. This is a Petition to compel arbitration of an appraisal provision under an insurance policy and is therefore made and heard in the manner of hearing a motion pursuant to 9 U.S.C. § 6.

**STATEMENT OF FACTS**

7. AAIC issued a Condominium Association Insurance Policy to 51 Franklin for the property located at 51 Franklin Street, 101-103, 201-203, 301-303, Annapolis, MD 21401 ("the Property"), effective November 6, 2021 through November 6, 2022 ("the Policy"). **Ex. A-1, Ex. A-2 and Ex. A-3.**, Policy No.: CAU521855-1.

8. The Policy contains the following appraisal provision:

    **VI.    PROPERTY CONDITIONS SECTION**

        The Property Coverage Part is subject to the following conditions.

        **N.    APPRAISAL**

  **1.**  If you and we disagree on the amount of loss or value of property, either may make written demand for an appraisal of the loss. In this event, each party will do the following:

    **a.**  Select a competent and impartial appraiser. You and we must notify the other of the appraiser selected within 20 days of the written demand for appraisal.

      **(1)**  The appraisers will state separately and independently the amount of the loss or damage.

      **(2)**  If the two appraisers fail to agree they will select an umpire. if the appraisers do not agree on the selection of an umpire within 15 days, they must request selection of an umpire by a judge of a court having jurisdiction.

      **(3)**  An agreement by any two will be binding as to the amount of the loss.

    **b.**  Pay the costs of its own appraiser.

    **c.**  Bear the other expenses of the appraisal and umpire equally.

  **2.**  If there is an appraisal, we still retain our right to deny the claim.

  9.  On June 8, 2022, 51 Franklin's property manager, Victoria Burnett of Victory Management, reported Claim No.: 116701-1 to Community Association Underwriters of America, Inc. ("CAU"), a general agent of AAIC. ("the First Notice of Loss"). The First Notice of Loss alleged water damage due to a burst pipe in unit 103 of the Property.

  10.  On June 15, 2022, AAIC's independent adjuster, Joe Zynel of Zynel Adjusting performed an initial inspection of the property. Also present at the initial inspection were representatives of the Insured and individual unit owners.

  11.  On June 21, 2022, a second inspection of the Property was conducted. Present at this inspection were representatives from Belfor Property Restoration ("Belfor"), who were

retained by CAU to inspect the Property and provide an estimate for repairs, and representatives of NA Contracting, a contractor retained by the Insured to assist with mitigation of the Property. At this second inspection, Belfor and NA Contracting agreed to conduct a further inspection, and to meet and attempt to agree on the scope of the loss following the completion of mitigation efforts.

12. On July 6, 2022, a representative of the insured inquired about the use of a hygienist to inspect for potential mold damage. Thereafter, CAU was informed that the Insured would be seeking coverage under the Policy for mold testing and remediation.

13. On July 27, 2022, a third inspection of the Property was held, related to determining the cause and origin of the loss. At that time, mitigation efforts were still ongoing.

14. On August 1, 2022, CAU issued a Partial Declination of Coverage Letter to the Insured regarding potential mold damage at the Property.

15. On October 20, 2022, CAU provided the Insured with Belfor's initial repair estimate in the amount of $453,251.68, however, given the mitigation work was still underway in October of 2022, it was understood that this initial Belfor estimate would need to be supplemented.

16. On October 28, 2022, in response to the Belfor estimate, the Insured's contractor—Lynbrook Builders—submitted its own estimate for the cost to repair the Premises in excess of $2,000,000.

17. CAU agreed to consider the estimate and provided the Lynbrook estimate to Belfor in effort to reach an agreement on the scope and value of the repairs.

18. On November 16, 2022, CAU issued payment to the Insured in the amount of $502,676.36. A supplemental payment in the amount of $4,172.66 was then issued by CAU on December 6, 2022.

19. After issuance of these payments, Belfor continued to work with the Insured's

contractor in an attempt to reach an agreement on the full scope and value of the repairs. Therefore, on December 22, 2022, Belfor issued a revised estimate totaling $744,246.20, which was supplied to the Insured.

20. On January 12, 2023, a third payment was issued to the Insured in the amount of $305,437.86.

21. Thereafter, three additional payments in the amounts of $13,324.68, $4,200.00, and $22,473.96 were issued by AAIC to the Insured, bringing the total payments issued to date to $852,285.52.

22. On March 29, 2023, 51 Franklin demanded appraisal of this loss pursuant to Section VI.N. of the Policy. 51 Franklin identified Matthew (Wayne) Frazier of Insurance Claims Specialists, LLC as their appraiser. **Ex. B.**, Appraisal Demand.

23. On April 6, 2023, CAU, on behalf of AAIC sent correspondence to the Insured in response to their demand for appraisal and appointed Scott Macleay of Commonwealth Claims Group as the appraiser for AAIC. **Ex. C.**, Response to Appraisal Demand.

24. After inspecting the Property, the appraisers exchanged their repair estimates. The Appraisers did not come to an agreement on valuation.

25. As the appraisers could not come to an agreement on valuation, each appraiser proposed potential umpire candidates to determine the value of the loss in accordance with the terms and conditions of the policy. On February 17, 2024, the Insured's appraiser presented his list of potential umpires to AAIC's appraiser. **Ex. D.**, AAIC Appraiser's email correspondence.

26. On February 22, 2024, AAIC's appraiser informed the Insured's appraiser that he could not agree to utilize and of the proposed umpires and supplied his own list of proposed umpires. The Insured's appraiser did not agree to any of AAIC's proposed umpires. **Ex. E.**,

Insured's Appraiser's Response.

27. Via emails exchanged between that appraisers on March 1-4, 2024, it was evident that the appraisers reached an impasse regarding the selection of an umpire for this appraisal. **Ex. F.,** Email correspondences between appraisers.

### PETITION FOR APPOINTMENT OF UMPIRE

28. Although there are "distinctions between an appraisal under an insurance policy appraisal clause and arbitration," an insurance appraisal provision "constitutes an arbitration under the Federal Arbitration Act" when "viewed on the whole." *Liberty Mut. Grp., Inc. v. Wright*, 2012 WL 718857. at *6 (D. Md. Mar. 5, 2012); *see also State Auto Mut. Ins. Co. v. Rod & Reel, Inc.*, 2018 WL 5830734, at *5 (D. Md. Nov. 7, 2018), *aff'd*, 774 F. App'x 168 (4th Cir. 2019).

29. The Federal Arbitration Act § 4 applies to disputes when:

> "A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court… in a civil action… for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 4. "The FAA reflects the fundamental principle that arbitration is a matter of contract." *Rent-A-Center, West, Inc. v. Jackson*, 130 S. Ct. 2776 (2010); *see also Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S.Ct. 524, 529 (2019) ("Under the [Federal Arbitration] Act, arbitration is a matter of contract and courts must enforce arbitration contracts according to their terms.").

30. Where, as here, an arbitration agreement provides "a method of naming or appointing… an umpire," Section 5 of the FAA, 9 U.S.C. § 5, mandates that "upon the application of either party to the controversy the court shall designate and appoint… an umpire" if either (1) "any party [to the agreement] shall fail to avail himself of such method," or (2) "for *any other reason* there shall be a lapse in the naming of an… umpire." 9 U.S.C.A. § 5 (West).

31. Further, pursuant to Section **VI.N.1.a.(2)** of the Policy, "if the appraisers do not

agree on the selection of an umpire within 15 days, they must request selection of an umpire by a judge of a court having jurisdiction".

32. Accordingly, Petitioner requests that this Court appoint a qualified and impartial umpire for this appraisal. Petitioner proposes one of the following umpires be selected, which were proposed by AAIC's appraiser:

> **George Burgee**
> Quality Assurance Manager/Executive General Adjuster/Catastrophe Manager
> Johns Eastern
>
> **Kerry Kirtley**
> Property General Adjuster
> Crawford & Company

33. Mr. Burgee is a veteran adjuster with over 28 years of experience handling property claims. He first received his NFIP Adjuster Certification in 2007, and is certified to handle Small Commercial, Residential and Mobile Home losses. **Ex. G.**, CV of George Burgee.

34. Mr. Kirtley has over 49 years of experience adjusting residential and commercial property damage claims, and has been a property general adjuster since 1980. Mr. Kirtley has received his AIC certification, along with his CPCU levels 500, 520 and 530 from the Insurance Institute of America. **Ex. H.**, CV of Kerry Kirtley.

35. Mr. Burgee and Mr. Kirtley both have years of experience handling appraisal disputes and both are eminently qualified to serve as an umpire for appraisal.

36. Respondent is likewise welcome to submit its own list of umpires for consideration by the Court. The Court may select an umpire proposed by a party or may appoint someone else.

37. The parties have no alternative means to break their impasse regarding selection of the umpire so that they can move forward with the agreed appraisal and resolve the ongoing dispute regarding the amount of the loss.

WHEREFORE, because the appraisers cannot agree on an umpire, AAIC respectfully petitions that this Court appoint a qualified and impartial umpire for the appraisal, the expenses of whom are to be born equally by the parties hereto, and for all other relief as the Court deems just and proper under the circumstances.

Dated: April 2, 2024

*/s/ Carly Chick*
Carly Chick, Esq.
LEWIS BRISBOIS BISGAARD & SMITH LLP
100 Light Street, Suite 1300
Baltimore, Maryland 21202
410.525.6400

*Counsel for Petitioner*